UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VENOR WEBB,

                    Plaintiff,

vs.                                              Case No.  3:12-cv-1386-J-12MCR

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

                    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[2]

This cause is before the Court on Plaintiff's appeal of an administrative decision

denying his application for Social Security benefits.  The Court has reviewed the record,

the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's

decision is **AFFIRMED**.

## I.      PROCEDURAL HISTORY

Plaintiff filed an application for a period of Disability Insurance Benefits ("DIB")

and Supplemental Security Income ("SSI") on January 19, 2010, alleging May 3, 2007

as the onset date.  (Tr. 152-57, 174).   Plaintiff's claims were denied initially on March

15, 2010 and upon reconsideration on May 14, 2010.  (Tr. 90-97,102-07).  Thereafter,

---

[1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W.
Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further
action need be taken to continue this suit by reason of the last sentence of section 205(g) of the
Social Security Act, 42 U.S.C. § 405(g).

[2]      The parties consented to the exercise of jurisdiction by a United States
Magistrate Judge.  (Doc. 13).

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was conducted on April 8, 2011.  (Tr. 32, 108-10).  The ALJ ultimately found Plaintiff was not disabled in a decision dated May 26, 2011.  (Tr. 13-25).  Plaintiff requested review of the ALJ's decision, and the Appeals Council denied the request.  (Tr. 1-3, 7-10). Plaintiff timely filed his complaint in this Court seeking judicial review of the Commissioner's decision finding him disabled.  (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claimed to be disabled since May 3, 2007, due to multiple gunshot wounds to his abdomen and postoperative complications.  (Tr. 152-57, 173).

### B.    Summary of Evidence Before the ALJ

Plaintiff was fifty-one years old on the date of his hearing before the ALJ on May April 8, 2011.  (Tr. 32, 43).  Plaintiff has completed the eleventh grade, and has past relevant work experience as a resident care aide, maintenance worker, material handler, and stock clerk.  (Tr. 43, 69-70).  Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

In May and June of 2007, Plaintiff was treated for multiple gunshot wounds to the abdomen.  (Tr. 261-82).  In July 2008, a CT scan of Plaintiff's abdomen revealed a large anterior abdominal wall hernia.  (Tr. 288-89).  After receiving hernia surgery, Plaintiff's medical records indicate he was recovering well and suffered no ongoing pain.  (Tr. 232-39).  However, in April 2009, an updated CT scan indicated Plaintiff had developed another hernia, but a later assessment performed by Dr. Charles, M.D. Hultman showed

it was simply a bulge.  (Tr. 230-31, 283-84).  Dr. Hultman re-examined Plaintiff in July

2009, and noted that if the bulge worsened or developed into a hernia, Plaintiff may

need to undergo surgery.  (Tr. 228-29).

In February 2010, Plaintiff visited Shands Jacksonville's emergency room, where

he was diagnosed with a hernia in his stomach wall.  (Tr. 343-44).  Plaintiff was

instructed to follow-up with the surgery clinic because a certain diagnosis was not

possible in the emergency department.  The record is devoid as to whether Plaintiff

returned for his follow-up visit as instructed.

In March 2010, Dr. Susan Yandle, M.D., a consultive examiner, performed a

consultative physical examination of Plaintiff.  (Tr. 322-26).  During the examination,

Plaintiff complained of abdominal pain, which he described was a seven out of ten.  Dr.

Yandle noted that Plaintiff appeared to be in distress and diagnosed him with a large

abdominal hernia.  Dr. Yandle also opined that Plaintiff had a "moderate limitation for

bending to the floor and marked limitation for lifting over twenty pounds from the floor."

However, Dr. Yandle did not provide an opinion as to Plaintiff's RFC.  At the time of the

examination, Plaintiff noted his activities of daily living consisted of cleaning, cooking,

shopping, laundry, bathing, dressing himself, listening to the radio, and reading.  (Tr.

323).

In May 2010, after a review of the medical evidence, a state agency physician,

Dr. Robert Steele, M.D., opined that Plaintiff could occasionally lift and/or carry twenty

pounds, frequently lift and/or carry ten pounds, stand and/or walk about six hours in an

eight-hour day, and had unlimited ability to push and/or pull.  (Tr. 330-37).

In February 2011, Plaintiff again visited Shands Jacksonville's emergency room

and reported complaints of stomach pain.  (Tr. 339-69).  Plaintiff was discharged and

instructed that follow-up was necessary.  (Tr. 342).  Plaintiff returned for follow-up and

the attending physician opined Plaintiff suffered mild tenderness to palpation of the

abdomen with reducible hernia, and prescribed Lortab.  (Tr. 342, 355-58).

At the hearing before the ALJ in April 2011, Plaintiff's activities of daily living were

consistent with the activities listed in Dr. Yandle's report, but Plaintiff added that he

could carry twenty pounds across the room and occasionally walk six blocks.  (Tr. 54).

Plaintiff also informed the ALJ that his surgery to remove the hernia was scheduled for

April 28, 2011.  (Tr. 72, 73).  The ALJ indicated he would wait until after the surgery to

render his decision, which all indications show he did because Plaintiff was discharged

on May 13, 2011 and the ALJ's decision was signed on May 26, 2011.  (Tr. 25, 396).

### C.    Summary of the ALJ's Decision

A claimant is entitled to disability benefits when he is unable to engage in

substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous

period of not less than 12 months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §

404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20

C.F.R. §§ 404.1520, 416.920.  First, if a claimant is performing substantial gainful

activity, they are not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(a)(4)(i).  Second, if a

claimant does not have any impairment or combination of impairments, which

significantly limit their physical or mental ability to do basic work activities, then they do

not have a severe impairment and are not disabled.  20 C.F.R. §§ 404.1520(c),

416.920(a)(4)(ii), 416.921(a).  Third, if a claimant's impairments meet or equal an

4

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, they are disabled.  20

C.F.R. §§ 404.1520(d), 416.920(a)(4)(iii).  Fourth, if a claimant's impairments do not

prevent them from doing past relevant work, they are not disabled.  20 C.F.R. §§

404.1520(e), 416.920(a)(4)(iv).  Fifth, if a claimant's impairments (considering their

residual functional capacity, age, education, and past work) prevent them from doing

other work that exists in the national economy, then they are disabled.  20 C.F.R. §§

404.1520(f), 416.920(a)(4)(v).  Plaintiff bears the burden of persuasion through step

four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482

U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found that Plaintiff had not engaged in

substantial gainful activity since his alleged onset date of May 3, 2007.  (Tr. 18).  At step

two, the ALJ found Plaintiff suffered from the severe impairment of hernia status post

gunshot wound.  Id.  At step three, the ALJ determined Plaintiff did not have an

impairment or combination of impairments that met or medically equaled one of the

listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 19).  The ALJ

next found Plaintiff had the residual functional capacity ("RFC")[3] to perform a full range

of light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b).[4]  Id.  In making this

---

[3]     The residual functional capacity is the most an individual can do despite the
combined effect of all of their credible limitations.  20 C.F.R. §§ 404.1545, 416.945.  The
residual functional capacity is based on all of the relevant evidence in the case record, and is
assessed at step four of the sequential evaluation.  Id.

[4]     "Light work involves lifting no more than 20 pounds at a time with frequent lifting
or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little,
a job is in this category when it requires a good deal of walking or standing, or when it involves
sitting most of the time with some pushing and pulling of arm or leg controls. To be considered
capable of performing a full or wide range of light work, you must have the ability to do
substantially all of these activities. If someone can do light work, we determine that he or she

determination, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the above residual functional capacity assessment."  (Tr. 21).

Based on the RFC, the ALJ found that at step four, Plaintiff was not able to perform any of his past relevant work.  (Tr. 23).  Therefore, the ALJ proceeded to step five where he sought the advice of a vocational expert ("VE") to determine whether Plaintiff's age, education, work experience, and RFC, along with any other additional limitations, shifted Plaintiff's condition into the disabled category.  (Tr. 24, 67-72).  The ALJ determined, with the assistance of the VE, that Plaintiff was not disabled because "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform."  (Tr. 24).

III.   **ANALYSIS**

A.   **The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than

---

can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. §§ 404.1567(b), 416.967(b).

merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## B. Issues on Appeal

Plaintiff argues the following two issues on appeal: (1) whether the ALJ erred in discounting Dr. Yandle's opinion when determining Plaintiff's RFC (Doc. 16, pp. 7-13); and (2) whether the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain. (Id. at p. 12).

### 1. Whether the ALJ erred in discounting Dr. Yandle's opinion when determining Plaintiff's RFC.

Plaintiff contends that the ALJ erred by discounting Dr. Yandle's opinion when he determined Plaintiff's RFC. Specifically, Plaintiff argues that the medical evidence that the ALJ relied on when he rejected Dr. Yandle's opinion was not related to Plaintiff's

abdomen; thus, his opinion was not properly rejected.  (Doc. 16, pp. 7-13).  In response, the Commissioner states that the ALJ relied on sufficient evidence when he rejected Dr. Yandle's opinion. (Doc. 17, pp. 6-7).

When examining the record to determine an individual's RFC, the examining physician's opinion is generally entitled to more weight than the opinion of a non-examining physician.  20 CFR § 404.1527(c)(1);  Broughton v. Heckler, 776 F.2d 960, 962 (11th Cir. 1985); see also Hoffman v. Astrue, 259 F. App'x 213, 217 (11 Cir. 2007) (stating "[t]he opinions of non-examining, reviewing physicians...when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence").  However, the ALJ is not required to give deference to the opinion of a physician who examined the Plaintiff one-time.  McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987); Wainwright v. Comm'r of Soc. Sec., No. 06-15638, 2007 WL 708971, at *2 (11th Cir. Mar. 9, 2007).  Generally, the more consistent any physician's opinion is with the record as a whole, the more weight an ALJ will place on that opinion.  20 C.F.R § 404.1527(c)(4).

However, "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  Syrock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985); Poellnitz v. Astrue, 349 Fed. Appx. 500, 503 (11th Cir. 2009).  Nevertheless, when examining the various medical opinions, "the ALJ is required to state with particularity the weight [he] gives to different medical opinions and the reasons why." Hoffman, 259 F. App'x at 217 (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).  Courts have opined, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is

rational and supported by substantial evidence." Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985)(citing Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

In Wainwright, the Eleventh Circuit considered whether substantial evidence supported the ALJ's decision to accord little weight to the opinion of a physician, who examined the claimant only once. Wainwright, 2007 WL 708971, at *1. The court ruled that since the physician examined the claimant only once, "he was not a treating physician and his opinion was not entitled to any special weight, particularly since it was contradicted by the other medical evidence." Id. at 2. Additionally, since the ALJ stated that the examining physician's opinion was less persuasive because it was: (1) inconsistent with the record; (2) not well supported; (3) inconsistent with the plaintiff's own characterization of her mental health; and (4) based on evaluations and testing performed four years earlier, the court found the ALJ's reasoning was specific and clear enough for it to determine his decision was supported by substantial evidence. Id.

Similarly, in the instant case, the Court finds the ALJ's decision to accord little weight to the opinion of Dr. Yandle, a one-time examining physician, was within his authority, and he clearly articulated his reasons for doing so. Specifically, the ALJ noted he rejected the opinion of Dr. Yandle because he examined Plaintiff one-time, and his findings were inconsistent with the overall evidence of record, which included the "updated benign physical findings." (Tr. 23). In addition, the ALJ gave great weight to state agency physician Dr. Steele because: (1) he is a disability specialist and reviewed the bulk of the available evidence from treating and examining sources; (2) Plaintiff's testimony regarding his activities of daily living coincided with the his RFC assessment; and (3) the evidence of record supported the state agency physician, which are all facts

9

the ALJ may consider when weighing various medical opinions.[5]  Id.  As a result, the Court finds the ALJ articulated sufficient reason for discrediting the opinion of Dr. Yandle and that determination was supported by substantial evidence.

In any event, the Court is not convinced that Dr. Yandle's assessment even contradicts the ALJ's RFC assessment.  In fact, Dr. Yandle made no RFC determination and the medical source statement only indicates that Plaintiff had "moderate limitation for bending to the floor and marked limitation for lifting over 20 lb from the floor."  (Tr. 326).  From this, Plaintiff suggests that he would have difficulty with light duty work. (Doc. 16, p. 9).  However, from a reading of Dr. Yandle's report, the Court finds very little that contradicts the ALJ's RFC, considering the fact that "light work," as defined by the Code of Federal Regulations, only includes lifting under 20 pounds.  See 20 C.F.R. §§ 404.1567(b), 416.967(b).

The Court further notes Plaintiff's argument that the ALJ erred when he relied on Dr. Malave's recent "benign physical findings" because they were not related to Plaintiff's abdomen.  (Doc. 16, pp. 10-11).  Although Dr. Malave's benign findings may concern other areas of the body, Dr. Malave still examined Plaintiff's abdomen, which Plaintiff indicated had a minimal pain level at the time of his examination.  (Tr. 371-72).

In light of the foregoing, the Court finds substantial evidence supports the ALJ's decision to accord little weight to Dr. Yandle's opinion.

---

[5]        In evaluating the weight to give various medical opinions, the ALJ may consider: (1) the examining relationship; (2) whether the opinion is that of a "treating" source; (3) whether the medical source presents evidence to support an opinion; (4) whether the medical opinion is consistent with the record; and (5) whether the medical opinion is that of a specialist and related to his or her area of specialty.  20 C.F.R.§ 404.1527(c), 416.927(c).

## 2.     Whether the ALJ failed to evaluate Plaintiff's subjective complaints of pain.

Plaintiff argues the ALJ erred by failing to include his subjective complaints of pain in the hypothetical posed to the VE.  (Doc. 16, p. 12).  The Commissioner responds that the objective medical evidence does not support Plaintiff's complaints of pain. (Doc. 17, p. 10-13).

In order to prove a disability based on his testimony of pain, Plaintiff must satisfy two parts of the following test:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Notably, a claimant's statements about pain or other symptoms will not alone establish disability.  See 20 C.F.R. §§ 404.1529(a), 416.929(a).  However, once an impairment that could reasonably be expected to produce the symptoms alleged has been shown, the intensity and persistence of the symptoms, such as pain, will then be evaluated based on all the evidence.  See 20 C.F.R. §§ 404.1529(c), 416.929(c); Dyer v. Barnhart, 395 F.3d 1206, 1212 (11th Cir. 2005).  To determine whether a Plaintiff's subjective complaints meet the pain standard, the ALJ must consider the credibility of Plaintiff's testimony.  Lamb v. Bowen, 847 F.2d 698, 702 (11th Cir. 1988).  The ALJ may consider Plaintiff's symptoms, the effectiveness of medication, the Plaintiff 's activities, and other factors when considering the credibility of subjective symptoms such as pain.  See 20 C.F.R. §§ 404.1529(c)(3),

11

416.929(c)(3).  However, on appeal, the district court's obligation is to review the ALJ's credibility determination to determine whether, as a whole, it is supported by substantial evidence of record.  Dyer, 395 F.3d at 1210.

Here, the ALJ determined Plaintiff's underlying medical condition was hernia status post gunshot wound.  (Tr. 18).  In light of this determination, Plaintiff alleges his medical condition can reasonably be expected to give rise to the claimed pain.  (Doc. 16, p. 12).  As the ALJ noted, Plaintiff was diagnosed with a post-operative abdominal hernia in June 2008, which resulted from surgery to repair multiple gunshot wounds in 2007.  (Tr. 243-44).  At the time of his diagnosis, the examining physician noted that Plaintiff was not suffering from any abdominal pain.  Plaintiff subsequently had the hernia repaired in July 2008 and underwent a follow-up visit, wherein Plaintiff continued to indicate he had no abdominal pain.  (Tr. 237-42).  Then, in August 2008, Plaintiff informed the physician that he was doing quite well and had no complaints of pain.  (Tr. 234-35).  Even as late as April and July 2009, the medical evidence fails to indicate Plaintiff was suffering from any abdominal pain.  (Tr. 228-30).  In fact, in April 2009, Plaintiff indicated that he was happy with his reconstruction.  Id.

Although Shands Jacksonville's emergency room diagnosed Plaintiff with a possible hernia in February 2010, the record is devoid as to whether Plaintiff returned for a follow-up visit to confirm this diagnosis.  (Tr. 343-44).  Indeed, the record indicates that Plaintiff sought no further treatment until February 2011.  (Tr. 340-42).  As late as March 17, 2011, Plaintiff's abdominal pain level was assessed as a two out of ten, despite his diagnosis of a ventral and recurrent incisional hernia.  (Tr. 371-72).

In addition, as noted by the ALJ, Plaintiff's activities of daily living discredit

12

Plaintiff's complaints of pain.  Plaintiff testified that he takes care of himself, can walk six blocks, cleans, and could carry twenty pounds across the room, which is consistent with an ability to perform light work.[6]  (Tr. 20-21).

Therefore, considering all the evidence, this Court finds substantial evidence supports the ALJ's finding that Plaintiff's complaints concerning the intensity, persistence, and limiting effects of pain were not credible to the extent they were inconsistent with an ability to perform a full range of light work.

## IV.   CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this __20th__ day of August, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[6]     The Court further notes that it agrees with the ALJ that the medical evidence of record is "scant," and questions whether Plaintiff's complaints of pain even meet the 12-month durational requirement.  See 20 C.F.R. §§ 404.1505, 416.905(a); see also Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 903 (11th Cir. 2011) (holding evidence that supports an ALJ's finding that the impairment has not or will not impose vocationally-restrictive limitations for a period of 12 months, is substantial enough for the ALJ to find an impairment non-severe).

Copies to:

Counsel of Record